1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   FELIX HERNANDEZ, et al., | CASE NO. 16cv200-LAB (JLB) |
| 12                          Plaintiffs, | **ORDER REQUIRING PLAINTIFF'S BRIEFING ON VENUE** |
| 13        vs. | |
| STATE FARM FIRE & CASUALTY COMPANY, et al., | |
| 14 | |
| 15                          Defendants. | |

16

17          On February 2, 2016, the Court ordered Plaintiffs to show cause why this putative

18   class action should not be dismissed for lack of jurisdiction and improper venue.  The Court

19   is required to confirm its own jurisdiction, *sua sponte* if necessary, *see Mt. Healthy City Sch.*

20   *Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977), and may also raise the issue of

21   defective venue *sua sponte* where, as here, it has not been waived.  *See Costlow v. Weeks*,

22   790 F.2d 1486 (9th Cir. 1986).  The Order (Docket no. 6) cited particular jurisdictional and

23   venue defects, and cautioned Plaintiffs that if they failed to show cause within the time

24   permitted, this action would be dismissed both for lack of jurisdiction and improper venue.

25          Plaintiffs have now filed their response. (Docket no. 8.)  Although the Order did not

26   request or authorize Defendants to file their own briefing, two of them did so anyway.  Their

27   reasons for doing so are not clear, but they essentially repeat Plaintiffs' response and waive

28   their own objections to personal jurisdiction and venue in this District.  (*See* Docket nos. 9,

1  12.) They cannot, by consent, waive subject matter jurisdiction.  *See Commodity Futures*

2  *Trading Comm'n v. Schor*, 478 U.S. 833, 852 (1986). Nor can they waive other Defendants'

3  objections to venue or personal jurisdiction. *Royal Hawaiian Orchards, L.P. v. Olson*, 2015

4  WL 3948821, at *1 (C.D. Cal., June 26, 2015) (citations omitted) (holding that, when there

5  are multiple parties in an action, the plaintiff must establish that venue is proper as to each

6  one). In other words, Plaintiffs and some of the Defendants cannot by agreement deprive

7  other Defendants of their personal jurisdiction or venue rights.  *See Leroy v. Great Western*

8  *United Corp.*, 443 U.S. 173, 180 (1979) (holding that personal jurisdiction and venue are

9  privileges personal to a defendant).

10  **Discussion**

11      The Order addressed the Court's concerns in detail, and Plaintiffs were ordered to

12  respond to those.  This order incorporates by reference the Court's reasoning in its earlier

13  Order, which is not repeated here except as necessary.

14      **Jurisdiction**

15      The Complaint, as filed, fails to allege ordinary diversity jurisdiction, and does not

16  mention the Class Action Fairness Act (CAFA).  Instead, it alleges that the amount in

17  controversy exceeds $75,000 and only incompletely alleges citizenship. But it is clear that

18  Plaintiffs are not diverse from at least four of the Defendants, so ordinary diversity jurisdiction

19  is unavailable.  The responses almost entirely ignore this. (*See* Pls.' Response, ¶¶ 1, 2(a)

20  (explaining that Plaintiffs alleged an amount in controversy of over $75,000 because that is

21  the threshold for traditional diversity jurisdiction).) The Court deems this issue abandoned.

22      The Complaint also fails to allege either citizenship or amount in controversy to

23  establish jurisdiction under CAFA, 28 U.S.C. § 1332(d).  Plaintiffs' response, however,

24  attaches a proposed First Amended Complaint ("FAC") that makes clear Plaintiffs could

25  allege minimal diversity and CAFA's threshold amount in controversy by amending. *See* 28

26  U.S.C. § 1332(d)(2).  The Court therefore accepts that it can exercise subject matter

27  jurisdiction over this controversy.

28  / / /

1

**Venue**

2  Plaintiffs' response, with regard to venue, is inadequate.  The Response itself merely

3  refers to the FAC, which in turn does nothing to address the problems the Order identified,

4  and fails to show that venue is proper here.

5  The underlying dispute arose from an insurance dispute on Plaintiffs' condominium,

6  which suffered water damage.  The condominium is located in, and Plaintiffs reside in, the

7  Central District of California.  Neither the Complaint nor the FAC ever allege that any events

8  or omissions giving rise to Plaintiffs' claims occurred in this District, and the factual

9  allegations make it highly likely all of the substantial events giving rise to Plaintiffs' claims

10  occurred in the Central District.  Because some of the Defendants reside or do business in

11  this District, some of the events may have occurred here. But if so, Plaintiffs have failed to

12  point them out.

13  The FAC cites 28 U.S.C. § 1391(b)(2) and (3) as giving rise to venue in this District.

14  As the Order already pointed out, however, § 1391(b)(3) cannot apply here.  It is the

15  "fallback" provision, and applies only "if there is no district in which an action may otherwise

16  be brought . . . ."  As the Order explained, the Central District of California, where Plaintiffs'

17  insured condominium is located, is at least one proper district, so § 1391(b)(3) is

18  inapplicable.  (*See* Order, 4:16–24.)

19  The other provision Plaintiffs rely on, § 1391(b)(2), provides that venue is proper in

20  "judicial district in which a substantial part of the events or omissions giving rise to the claim

21  occurred, or a substantial part of property that is the subject of the action is situated."  As

22  explained in the Order, that provision does not apply here either.

23  Defendant State Farm General Insurance's ("SFGI") Response (Docket no. 9)

24  attempts to rescue Plaintiffs by arguing that venue is proper under § 1391(b)(1).  But the

25  FAC does not mention or rely on this provision, and as a Defendant, SFGI has no role in

26  construing or amending the Complaint.  If Plaintiffs wish to raise an argument that venue is

27  proper on this basis, they should file a memorandum of points and authorities, explaining

28  their position. This memorandum must address the residence of each Defendant, rather than

1 | combining multiple Defendants under a collective title (such as "State Farm").  Among other

2 | things, Plaintiffs' response must explain how Defendant State Farm Fire & Casualty

3 | Company satisfies the first and second prongs of the test set forth in *Schwarzenegger v.*

4 | *Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)*.*  They should also attach a

5 | proposed first amended complaint, in a legible form, as an exhibit.  The memorandum must

6 | not exceed seven pages (not counting lodged or appended material) and must be filed no

7 | later than **seven calendar days from the date this order is entered in the docket.**  A

8 | memorandum that does not meet these requirements will be rejected for filing. **If Plaintiffs**

9 | **fail to show cause within the time permitted, this action will be dismissed without**

10 | **prejudice for improper venue.**

11 | No Defendant should file a response to this order, except that a Defendant who has

12 | not yet appeared may either waive or contest personal jurisdiction or venue, and any party

13 | may move for transfer pursuant to 28 U.S.C. § 1404(b).  All requests for judicial notice are

14 | **DENIED AS MOOT**.

15 |

16 | **IT IS SO ORDERED**.

17 | DATED:  February 18, 2016

18 |

19 | **HONORABLE LARRY ALAN BURNS**
United States District Judge

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |