# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FELIX HERNANDEZ, et al., | CASE NO. 16cv200-LAB (JLB) |
|---|---|
| Plaintiffs, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| vs. | |
| STATE FARM FIRE & CASUALTY COMPANY, et al., | |
| Defendants. | |

The Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction and improper venue, to which Plaintiffs filed a response. Two Defendants also filed unsolicited responses waiving their objections to venue and attempting to brief the jurisdictional and venue issues for Plaintiffs. The Court, finding Plaintiff's response insufficient and unwilling to permit Defendants to amend the complaint for Plaintiffs, ordered Plaintiffs to file additional briefing ("Response") on the venue issue, which they have now done. They also filed an amended complaint.

This order incorporates the reasoning set forth in its earlier two orders. (Docket nos. 6 and 13.) Earlier, Plaintiffs argued only that venue was proper under 28 U.S.C. § 1391(b)(2) and (3), and the Court rejected those arguments. In the supplemental briefing, Plaintiffs argue venue is proper under § 1391(b)(1) and (2).

///

The argument concerning the propriety of venue under § 1391(b)(2) is just as defective as before. This is an insurance dispute, and the claims arise from State Farm Fire and Casualty's alleged practice of steering water mitigation business to two companies that, by agreement with State Farm Fire and Casualty, limit the amount of restoration work they perform. Plaintiffs, who reside in the Central District of California, allege that this happened to them and that, as a result, their water-damaged home was inadequately restored.

There are no allegations in the complaint that any part of the events or omissions giving rise to the claim occurred in this District. The allegedly wrongful conduct did not begin or end here, nor were its effects felt here. Instead, some of the communications passed through this District and some of the workers who conducted water mitigation have their home base here. In short, no substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and venue is not proper under § 1391(b)(2).

Section 1391(b)(1) is a new argument. This subsection makes venue proper in any district where any defendant resides, if all defendants reside in the same state. The residence of the Defendants in this case who are business entities is governed by § 1391(c)(2), which provides that those Defendants reside in any judicial district in which they are subject to the court's personal jurisdiction with respect to the case in question.

Of the Defendants in this case, the Response analyzes the residence only of State Farm Fire & Casualty. With regard to the others, it relies on the same reasoning the Court rejected before, *i.e.*, that merely because they do business in California, every District Court in California has general personal jurisdiction over them. (*See* Response at 5:4–8 (arguing that certain Defendants are deemed California residents under § 1391(c) "because they are all licensed (and do business in) California, have the capacity to sue and be sued in California and are thus subject to the court's personal jurisdiction.") After *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), that a company does business in a state — even systematically — is not enough to establish general personal jurisdiction over the company there. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler* at 760, 761 and n.19)

(holding that only in an "exceptional case" would general jurisdiction over a corporation be available merely because it systematically engages in business within a state).

That being said, different reasoning could explain why venue is proper under § 1391(b)(1). Under this subsection, venue is proper in any district in which any defendant resides, if all defendants reside in the state where the district is located. The individual Defendants and one corporate Defendant reside in California. Because all the other Defendants are business entities that allegedly directed their activity towards the Central District and the harm from their allegedly wrongful actions was felt there, specific personal jurisdiction over them would be proper there. Under § 1391(c)(2) they are therefore deemed to "reside" in the Central District. The result would be that all Defendants are deemed California residents for purposes of venue rules. Venue would therefore be proper in any district where any Defendant resides, *i.e.*, either in this District or the Central District.

Plaintiffs did not make this argument, however, and if this were a jurisdictional issue, the Court would be required to dismiss the case. But because the Court is not *required* to raise the issue of venue *sua sponte*, and because two of the Defendants have specifically waived it, the Court considers it prudent to discharge its order to show cause and allow the case to proceed without dismissing or transferring.

The order to show cause is therefore **DISCHARGED**. If the remaining Defendants wish to challenge venue, or if any party wishes to seek transfer, this order does not preclude them from doing so.

**IT IS SO ORDERED**.

DATED: February 29, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge